FLORA VALLADARES, Respondent, v DIMITRIOS MOUTOPOU-LOS et al., Appellants. [780 NYS2d 758]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Klein, J.), dated July 29, 2003, as denied that branch of their motion which was to dismiss the complaint pursuant to CPLR 3126.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, without costs or disbursements, the branch of the motion which was to dismiss the complaint pursuant to CPLR 3126 is granted, and the complaint is dismissed.

Although "[t]he nature and degree of the penalty to be imposed for the willful failure to obey an order of disclosure is a matter lying within the sound discretion of the court" (D.A.D. Rest. v North Riv. Ins. Co., 204 AD2d 510 [1994]), the Supreme Court improvidently exercised that discretion when it denied that branch of the motion which was pursuant to CPLR 3126 to dismiss the complaint. The plaintiff repeatedly, and without explanation, refused to supply the current address of her daughter and son-in-law, who, at the time of the accident, were tenants at the premises where she allegedly slipped and fell. Considering the close family relationship and the plaintiff's unexcused failure to provide this information in response to

multiple requests and in defiance of two court orders, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3126 to dismiss the complaint (*see Wiltos v 1230 Park Owners, Inc.*, 1 AD3d 353, 354 [2003]; *Reed v Jaspan, Ginsberg, Schlesinger, Silverman & Hoffman*, 283 AD2d 630 [2001]). Santucci, J.P., Goldstein, Luciano and Mastro, JJ., concur.